ISHEE, J., for the Court:
¶ 1. Brien Blakeney was convicted of driving under the influence in the Stark-ville Municipal Court. He appealed that decision to the Oktibbeha County Circuit Court. All parties then agreed to nonad-judication; nonetheless, the trial judge entered an order finding Blakeney guilty. From that ruling, Blakeney appeals. Finding that Blakeney should have been nonadjudicated, we reverse the judgment and remand this case to the trial court for findings consistent with this opinion.
*692 FACTS AND PROCEDURAL HISTORY
¶ 2. Blakeney was convicted in the municipal court of driving under the influence. He appealed the decision to the circuit court. The matter was heard in the circuit court on November 21, 2011. At the time, all parties agreed that Blakeney qualified for nonadjudication pursuant to Mississippi Code Annotated section 68 — 11— 30(3)(g)(Supp.2012). The trial judge agreed to the nonadjudication; however, in error, the State submitted an order to the trial judge finding Blakeney guilty of driving under the influence. Therefore, an order was entered finding Blakeney guilty. He was assessed a fine of $250, ordered to attend the Mississippi Alcohol Safety Education Program (MASEP), and had his driver’s license suspended. Discovering the error, Blakeney now appeals.
DISCUSSION
¶ 3. On appeal, Blakeney argues the trial court erred by failing to sign an order of nonadjudication when Blakeney qualified for the ruling and all parties agreed to the nonadjudication. The State, after reviewing the trial transcripts and speaking with the trial judge, admits the entry of an order finding Blakeney guilty was in error. Therefore, the State requests that we reverse the judgment and remand the case for resentencing in accordance with the agreement between the parties for a ruling of nonadjudication.
¶ 4. Mississippi Code Annotated section 63 — 11—30(3)(g) states: “The court shall have the discretion to rule that a first offense of this subsection by a person under the age of twenty-one (21) years shall be nonadjudicated. Such person shall be eligible for nonadjudication only once.” Under the statute, Blakeney was eligible for nonadjudication. Furthermore, upon review of the trial transcript, it is clear the trial judge agreed to non-adjudication. In addition, the parties stipulate that they agreed to the nonadjudication. The entry of an order finding Blakeney guilty was obviously in error. Accordingly, we reverse the trial court’s judgment and remand this case to the trial court for findings consistent with this opinion.
¶ 5. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.